IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID HANSEN and CHRISTINE HANSEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-04-4111 |
| TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES and AMY ODIN, | § § § § § § | |
| Defendants. | § § | |

<u>ORDER</u>

Pending before the Court is Defendants' Motion to Dismiss (Instrument No. 26). Having considered the request, submissions, and applicable law, the Court determines the motion should be granted.

<u>BACKGROUND</u>

This action arises out of the temporary emergency removal of an infant from her parents by Defendants Amy Odin ("Odin") and the Texas Department of Protective and Regulatory Services ("TDPRS"). Plaintiffs David and Christine Hansen (collectively, "the Hansens"), filed this suit pro se, alleging violations of their Fourth, Ninth and Fourteenth Amendment rights in connection with the removal of their three-month-old

daughter, Erika Hansen, from their Fort Bend County, Texas, home in 2003. On September 22, 2003, a doctor at the Texas Medical Center treated Erika Hansen for a fractured clavicle. The Hansens told hospital personnel the injury occurred when Erika Hansen rolled off a bed. Hospital personnel were apparently suspicious about this explanation and reported the injury to the TDPRS. The timeline of events is unclear, but Odin, a TDPRS case worker, removed the girl from the Hansen home after an initial investigation. At some point thereafter, Erika Hansen returned home. Then on February 11, 2004, the abuse case against the Hansens was dismissed pursuant to an Agreed Order of Dismissal by the 328th Judicial District Court, Fort Bend County, Texas.

The Hansens assert claims against TDPRS and Odin for abuse of authority, unlawful seizure, malicious prosecution, abuse of judicial process, interference with the parent/child relationship, intentional infliction of emotional distress and outrageous conduct. Specifically, the Hansens allege Odin unlawfully seized their daughter without a court order or probable cause. They also assert Odin authored a false affidavit in order to justify emergency removal of Erika Hansen. On August 22, 2005, Defendants sought dismissal of the Hansens' claims, arguing both that the Court lacks subject matter jurisdiction and the Hansens have failed to state a claim upon which relief can be granted.

## LAW AND ANALYSIS

In considering a motion to dismiss, the complaint should be construed in favor of the plaintiff, and all facts pleaded should be taken as true. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585-86 (5th Cir. 1999). Further, a complaint may be dismissed "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996) (citing *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995)).

Defendants assert they enjoy immunity from liability pursuant to the Eleventh Amendment's sovereign immunity doctrine. The Eleventh Amendment provides that no suit may be commenced against a State by citizens of another state or foreign country. U.S. CONST. amend. XI. The Supreme Court has interpreted this language to preclude suits in federal court by citizens against their own state. *See Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 n.4 (5th Cir. 1991). The protection afforded to states by the Eleventh Amendment "exists mainly to protect state treasuries" from direct responsibility for civil judgments of monetary damages. *United States v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 440 (5th Cir. 2004).

However, states may voluntarily waive immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069

(5th Cir. 1981). Further, Congress may "exercise its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66; *see also Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990) (noting that Congress has forcibly pierced state sovereign immunity with regard to § 5 of the Fourteenth Amendment).

When applicable, the Eleventh Amendment "divests the federal judiciary of jurisdiction to hear citizen suits designed, ultimately, to secure monetary recovery from nonconsenting states." *Id.* at 4. Further, actions against a subordinate state agency or employees operating in their official capacities are deemed suits against a state. *See id.*; *see also Session*, 648 F.2d at 1069 (stating that a damages award payable from a state treasury is prohibited by the Eleventh Amendment). Consequently, federal courts lack subject matter jurisdiction to consider these types of claims against state agencies or employees in their official capacities. *Stem*, 908 F.2d at 4.

In the case at bar, the Hansens seek $1 million in monetary damages from TDPRS and Odin. TDPRS asserts because it is a state agency, the Hansens are indirectly suing the state itself, and this type of suit is impermissible absent the state's waiver of Eleventh Amendment protection. Likewise, Odin argues she is a state employee being sued in her official capacity only, and such claims are also barred by the Eleventh Amendment. Therefore, Defendants argue, the Hansens' suit should be

dismissed in its entirety.[1]

The Court agrees the Hansens' claims against TDPRS and Odin in her official capacity are barred by Eleventh Amendment immunity because their claims "in essence [are] a claim upon the state treasury." *See Stem*, 908 F.2d at 3-4. Texas has neither consented to suit in federal court by its citizens regarding child welfare and protective activities nor has Congress eviscerated such immunity. *Id*. at 4. Significant too is the fact Odin is a Texas state employee authorized to investigate reported child abuse for a state agency and pursuant to Texas statutory law. *Id*. at 5 (deciding that these factors, among others, weigh in favor of classifying child protective case workers as state, rather than county, employees). As an individual state officer sued in her official capacity for damages, Odin is entitled to Eleventh Amendment immunity because Texas, as her employer, is the real party in interest. *See United States v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 443 (5th Cir. 2004). Stated differently, any monetary civil judgment against Odin for damages occurring while on duty would be paid with state funds. *See Stem*, 908 F.2d at 5. The Hansens' claims against TDPRS and Odin in her official capacity are barred by the Eleventh Amendment. Accordingly, the claims against TDPRS and Odin in her official capacity are dismissed.

---

[1] The Court notes that the Hansens' Response to Defendant's Motion to Dismiss does not address Defendants' Eleventh Amendment arguments.

In their complaint, however, the Hansens do not specify whether they bring suit against Odin in her official capacity, individual capacity, or both. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (noting that it is not uncommon for complaints not to specify in which capacity a defendant is being sued). In both the Motion to Dismiss and Reply to Plaintiffs' Response to Motion to Dismiss, Defendants stress Odin is being sued in her official capacity only, an assertion the Hansens never disputed. *See United States v. Regents of the Univ. of Cal.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (affirming dismissal of claims when plaintiff did not challenge defendants' assertions of being sued only in their official capacities). However, pro se pleadings generally are afforded liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Consequently, the Court will grant the Hansens leave to amend their complaint should they chose to clarify that they assert claims against Odin individually. However, this leave is permitted only to allow the Hansens to clarify whether they assert claims against Odin in her individual capacity. Further, this amendment must occur prior to November 18, 2005. Accordingly, the Court hereby

ORDERS the Defendants' Motion to Dismiss is GRANTED. Plaintiffs' claims against TDPRS and Odin in her official capacity are DISMISSED WITH PREJUDICE. Plaintiffs may amend their complaint to clarify whether they assert claims against Odin in her individual capacity no later than November 18, 2005.

SIGNED at Houston, Texas, on this 14th day of November, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge