UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID AND CHRISTINE HANSEN, *Plaintiffs*, | § § § § | |
| v. | § | CIVIL ACTION H-04-4111 |
| TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, *ET AL.*, *Defendants*. | § § § § | |

## ORDER

Defendants filed a motion (Dkt. 29) to compel plaintiffs to answer deposition questions and to provide authorization for release of medical information on plaintiffs' daughter.[1] Plaintiffs contend that all the requested information is irrelevant to their claims that defendants violated their constitutional rights by causing the temporary removal of their infant daughter from their home based on suspected abuse. The motion to compel will be granted.

In September 2003, plaintiffs' 3-month old daughter, Erika, suffered a fractured clavicle. Plaintiffs assert that Erika fell off of a bed. Medical personnel contacted DPRS, which conducted an investigation. Amy Odin is the DPRS case worker who

---

[1] After the motion to compel was filed, the district court granted defendants' motion to dismiss the Texas Department of Protective and Regulatory Services and Amy Odin in her official capacity and gave plaintiffs the opportunity to amend their complaint to assert a claim against Amy Odin in her individual capacity. Plaintiffs filed an amended complaint on November 18, 2005. Amy Odin is now the only defendant in this case.

determined that the child needed to be placed outside of the home to ensure her health and safety. According to defendants' motion, plaintiffs have been the subject of previous claims with DPRS and both have criminal convictions. David Hansen is a registered sex offender with a conviction for sexual abuse of a minor. Christine Hansen has been incarcerated.

Plaintiffs refused at their depositions to answer any questions regarding their criminal or DPRS claim history. They also refused to answer questions about their history of alcohol or drug abuse. Plaintiffs further refused to answer questions about Erika's injury, including the design of the bed from which she fell. Plaintiff also have refused to provide authorization for release of Erika's medical records. Plaintiffs argue that the requested information is more prejudicial than probative and thus not admissible under Rule 403 of the Federal Rules of Evidence.

Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FED. R. CIV. P. 26(b). Relevant information need not be admissible at trial, as long as the discovery is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Details about the matters described in the preceding paragraph are potentially relevant to whether Odin acted in good faith in determining that the baby needed to be removed from the home. The discovery being sought is within the scope of permissible discovery. It is therefore

ORDERED that the motion to compel (Dkt. 29) is granted. Each plaintiff shall sit for a continued deposition on or before December 12, 2005, at which they shall answer questions about their criminal history, DPRS case history, history of alcohol or drug abuse, and about the injury that lead to Erika's temporary removal, including questions about the design and make up of the bed at issue. It is further

ORDERED that plaintiffs shall provide defendant's counsel with the signed and notarized medical authorization on or before December 2, 2005.

Signed at Houston, Texas on November 28, 2005.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge