## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID AND CHRISTINE HANSEN, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-4111 |
| | § | |
| TEXAS DEPARTMENT OF PROTECTIVE | § | |
| AND REGULATORY SERVICES, *ET AL.,* | § | |
| *Defendants.* | § | |

## ORDER

By Order entered November 28, 2005 (Dkt. 35), this court ordered plaintiffs to appear for depositions on or before December 12, 2005. Defendant Odin noticed the depositions for December 12, but plaintiffs notified defendant's counsel on December 9 that they would not appear. Odin has filed a second motion to compel (Dkt. 39). Odin also seeks production of audio tapes from plaintiffs. The court ordered plaintiffs to file a responsive brief on or before December 27, 2005, and held a hearing on December 28, 2005. Plaintiffs did not file a brief, but Christine Hansen did participate in the hearing.

Plaintiffs are in violation of this court's November 28, 2005 Order. Christine Hansen stated at the hearing that she and her husband had to appear in court in Richmond, Texas on a child support matter on the same day as the depositions. However, although Ms. Hansen acknowledges she had notice of the court date, she

did not notify defense counsel of the conflict until December 9, and made no effort to reschedule the depositions.  Moreover, the legal assistant who took Ms. Hansen's December 9th call testified by affidavit that Ms. Hansen said plaintiffs would not appear for the depositions because they intended to dismiss the lawsuit.  The affidavit does not indicate that Ms. Hansen mentioned any conflict with a court appearance. In sum, plaintiffs have offered no compelling explanation for failing to appear for depositions on or before December 12, as ordered by this court.

In addition, plaintiffs must turn over the audio tapes that they represent contain conversations between Odin and others regarding the removal of plaintiffs' infant daughter, Erika, from their home.  Odin served a request for production of documents to which the tapes are responsive on September 1, 2005.  Although first agreeing to production, plaintiffs have since refused.  The Federal Rules of Civil Procedure are designed to promote full and adequate pretrial discovery; trial by ambush is not permitted.  *Riquelme Valdes v. Leisure Resource Group, Inc.*, 810 F.2d 1345, 1356 (5th Cir. 1987).  Ms. Hansen's only excuse for failing to produce the tapes is that she did not have time to find them among all of her things and had not had a chance to get them copied.  Plaintiffs have had more than enough time to copy and produce the audio tapes that were requested four months ago.

2

Plaintiffs actions have caused defendant to incur unnecessary fees and costs in pursuing two motions to compel, and have delayed the course of this action.  Pursuant to Federal Rule of Civil Procedure 37(a)(4), defendant is entitled to its reasonable expenses caused by plaintiffs' actions.  It is therefore

ORDERED that the motion to compel (Dkt. 39) is granted.  Each plaintiff shall sit for a continued deposition on January 6, 2006 at 11:00 a.m. in Rosenberg, Texas.  Plaintiffs shall answer questions about their criminal history, DPRS case history, history of alcohol or drug abuse, and about the injury that lead to Erika's temporary removal, including questions about the design and make up of the bed at issue.  It is further

ORDERED that plaintiffs shall provide defendant's counsel  prior to the deposition with copies of all audio tapes in their possession purporting to contain conversations between Odin and other parties or witnesses in this case.  It is further

ORDERED that plaintiffs shall pay $200.00 to defendant, through defendant's counsel, at the deposition on January 6, 2006.  Continued refusal to cooperate with discovery may lead to further sanctions, including dismissal of this lawsuit.  *See* FED. R. CIV. P. 37.

Signed at Houston, Texas on January 3, 2006.

Stephen Wm Smith
United States Magistrate Judge